■ MARY L. LYNCH, Respondent, v JOHN T. LYNCH, Appellant.—Judgment unanimously modified, on the law, and, as modified, affirmed, without costs, and matter remitted to Supreme Court, Erie County, for further proceedings, in accordance with the following memorandum: In this action for divorce and equitable distribution, the court erred in treating the entire potential recovery from defendant's lawsuit against his former employer as marital property. Marital property is "all property acquired by either or both spouses during the marriage and before * * * commencement of a matrimonial action" (Domestic Relations Law § 236 [B] [1] [c]; *see, Rodgers v Rodgers,* 98 AD2d 386, 391-392, *appeal dismissed* 62 NY2d 646). Defendant's claim for breach of a long-term contract of employment relates almost entirely to employment in which defendant would have engaged subsequent to commencement of the matrimonial action. Defendant's claim for salary and

benefits for periods of employment which would have taken place after commencement is conceptually indistinguishable from earnings and benefits paid to a party after commencement of the action and thus is not subject to equitable distribution *(see, Wilson v Wilson,* 101 AD2d 536, 542, 544, *appeal dismissed* 63 NY2d 768, *lv denied* 64 NY2d 607; *Rodgers v Rodgers, supra).*

Additionally, the court erred in granting defendant the option to have the pension distributed in accordance with the *Majauskas* formula or paying plaintiff one half of the present worth of the pension as valued at the conclusion of the litigation against defendant's former employer. While the first option is proper, the second ignores the fact that defendant's recovery of pension benefits may include amounts attributable to premarriage or postcommencement employment *(see, Majauskas v Majauskas,* 94 AD2d 494, 497-498, *affd* 61 NY2d 481, 485-486).

The court also erred in directing that the first $45,000 of any potential recovery from the lawsuit be placed in trust for the children's education. There is no authority for an equitable distribution or a distributive award in favor of the children of the marriage. Moreover, the court erroneously concluded that the parties had stipulated to such arrangement. The so-called stipulation, purportedly made in the course of a colloquy between the court and the defendant, failed to comply with the "opting-out" provisions of the equitable distribution statute *(see,* Domestic Relations Laws § 236 [B] [3]), was not made between counsel in open court *(see,* CPLR 2104), and, in our review of the record, was not voluntarily and intelligently consented to by defendant *(see, Matter of Frutiger,* 29 NY2d 143, 150; *Collazo v New York City Health & Hosps. Corp.,* 103 AD2d 789).

Finally, since we are remitting the matter for reconsideration of these equitable distribution issues, we remind the court of its obligation to enumerate the factors upon which its equitable distribution is based (Domestic Relations Law § 236 [B] [5] [g]; *Conde v Conde,* 96 AD2d 747). (Appeal from judgment of Supreme Court, Erie County, Fudeman, J.—divorce.) Present—Denman, J. P., Green, Pine, Balio and Schnepp, JJ.