■ FRANCES B. SIMMONS, Respondent, v CHARLES R. SIMMONS, Appellant.—Mikoll, J. Appeal from that part of a second amended judgment of the Supreme Court (Brown, J.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered October 5, 1988 in Saratoga County, upon a decision of the court.

On his appeal in this matrimonial action, defendant claims that Supreme Court erred when it (1) granted plaintiff equitable distribution of defendant's retirement benefits in lieu of a distributive award, (2) directed that plaintiff be paid an equitable percentage of defendant's retirement benefits as defendant would receive them without accounting for the tax consequences and the benefit to plaintiff from his postmarital earnings, (3) failed to direct that defendant be allowed to claim the two unemancipated children as child dependency exemptions for tax purposes, (4) ordered that defendant be responsible for any necessary major repairs to the marital residence in excess of $300, health and hospitalization insurance for plaintiff, and 50% of all noncovered health-related expenses for the two children, and (5) awarded plaintiff $2,000 in counsel fees plus $387 in disbursements.

The parties were married on November 15, 1965. Three children were born of the marriage, two of whom remain unemancipated.. The parties have lived apart since October 1985. The children live with plaintiff in the marital residence. The marital home is valued at $87,000 with $12,000 unpaid on the mortgage. The youngest daughter is afflicted with Addison's disease, from which she is not expected to recover.

The instant divorce action was commenced by plaintiff on August 29, 1986. Defendant did not counterclaim or contest the grounds for divorce. The trial was held on August 26, 1987. Plaintiff, then 45 years old, testified that she earned approximately $11,000 a year as a mutuel clerk and data entry operator at a harness track. The 43-year-old defendant testified that he had been employed since 1968 as a State Trooper and received an annual base salary of $32,000. Plaintiff has no pension benefits from any of her employments. The parties agreed that defendant's State pension benefits would, if he retired after 20 years of service on May 6, 1988, be worth $135,943 and, if he worked until the mandatory retirement age of 55, his benefits would be valued at $51,371. Defendant stated that he intended to continue working to the maximum age of 55.

After trial Supreme Court, in its findings of fact and conclusions of law found, *inter alia,* that plaintiff's future financial circumstances were not promising. The court noted that she was suffering from cancer of the cervix which required a checkup at three-month intervals and that her harness track employment was endangered by an arthritic condition in her hands. This appeal was taken from a second amended judg-

ment which embraced the court's previous findings of fact and conclusions of law.

There should be an affirmance. Addressing defendant's first assignment of error, we conclude that Supreme Court properly exercised its discretion in granting plaintiff equitable distribution of defendant's retirement benefits in lieu of a distributive award. Domestic Relations Law § 236 (B) (5) (e) gives the trial court the power to determine "[w]hether marital property shall be distributed or a distributive award shall be made" *(Majauskas v Majauskas,* 61 NY2d 481, 493). The manner of distribution is discretionary, taking into consideration " 'the particular circumstances, needs and means of the parties in the case' " *(McDermott v McDermott,* 119 AD2d 370, 376, *appeal dismissed* 69 NY2d 1028, quoting *Damiano v Damiano,* 94 AD2d 132, 140). In the instant case plaintiff, as the custodial parent, needed to occupy the marital residence. Its sale, therefore, for the purpose of immediate distribution of assets was impractical. When marital assets are insufficient, as here, a court may properly order a distribution of the retirement benefits as they are received upon the employee spouse's retirement rather than a lump-sum award *(see, Buzzeo v Buzzeo,* 141 AD2d 490, 491-492).

Next, we turn to defendant's claim that Supreme Court failed to take into account the income tax consequences to defendant as a result of the equitable distribution award and that plaintiff would, therefore, benefit from defendant's postmarital earnings. The failure of Supreme Court to provide for tax consequences was not error because the parties offered no evidence at trial as to what effect income taxes would have on the equitable distribution *(see, Gluck v Gluck,* 134 AD2d 237, 239; *Povosky v Povosky,* 124 AD2d 1068, 1069). There was also no error in the formula used to formulate the distribution of defendant's retirement benefits. Determination of the numerator of the fractional formula was limited to the number of months prior to the commencement of the instant divorce action during which the parties were married. The formula employed complied with the methodology set forth in *Majauskas v Majauskas (supra,* at 494). Further, according to the pension plan, the longer defendant works the smaller will be the fraction of plaintiff's share of the retirement benefits. Accordingly, no abuse of Supreme Court's discretion has been shown in this regard.

As to defendant's next assignment of error, that is the failure to allow him to claim the unemancipated children as dependents for income tax purposes, it is not persuasive.

Supreme Court directed defendant to pay $50 per week for each of the two unemancipated children, not a large amount in relation to the exemptions sought. Moreover, at trial, when defendant requested the court to grant him the dependency exemption for the two children, the court advised defendant that it believed it did not have the power to make that determination. Defendant's counsel was to research the point and, upon providing the court with that authority, the court would consider the request. There is no indication that the authority was provided and the denial of the request does not appear to have resulted in any inequity. Thus, defendant has not shown that Supreme Court abused its discretion on this issue.

We have considered defendant's remaining claims of error and find them without merit. Supreme Court acted within its discretion in its rulings concerning defendant's financial obligations for repairs to the marital residence, plaintiff's health insurance and the children's noncovered health-related expenses (see, Domestic Relations Law § 236 [B] [8]). The court also acted within its discretion in awarding plaintiff $2,000 in counsel fees and $387 in disbursements (see, DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881).

Second amended judgment affirmed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.