■ MARTHA J. CARPENTER, Respondent, v JAMES G. CARPENTER, Appellant. [608 NYS2d 751] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Tait, Jr., J.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered July 29, 1992 in Madison County, upon a decision of the court.

The parties, married on April 20, 1974 in this State, physically separated in February 1989 and commenced this divorce

action in May 1990. They have two children, Michael, born in 1979, and Mark, born in 1981. After a nonjury trial, Supreme Court granted plaintiff a divorce based on defendant's cruel and inhuman treatment of plaintiff and also issued an order providing for distribution of marital property, payment of maintenance of $1,000 per month to plaintiff and payment of $843 per month to plaintiff for support of the two children. Judgment was entered on July 29, 1992, in Madison County. Defendant appeals and challenges the court's award of equitable distribution of the marital property.

Orders awarding equitable distribution are not to be disturbed unless it can be shown that the court abused its discretion in so doing (Reina v Reina, 153 AD2d 775, 777; Petrie v Petrie, 124 AD2d 449, 450, lv dismissed 69 NY2d 1038). The equitable distribution award made by Supreme Court meets this test. The judgment should therefore be affirmed.

Here, exclusive possession of the marital home was awarded to plaintiff until the parties' youngest child reaches the age of 21 or is sooner emancipated, at which time defendant is to receive $62,500. All carrying charges on the home are to be paid by plaintiff. Defendant urges that Supreme Court abused its discretion in not providing either for refinancing of the property so as to give defendant the $62,500 immediately or for an order requiring that upon any future sale the parties split the proceeds equally. We note that defendant did not seek such a resolution at trial and has thus failed to preserve the issue for our review (see, Gunzburg v Gunzburg, 152 AD2d 537, 538). Upon a consideration of the entire award, we find no abuse of discretion. We note that defendant realized $55,000 in marital property vis-à-vis the $32,000 realized by plaintiff.

Defendant's argument that Supreme Court abused its discretion in awarding plaintiff $1,000 maintenance per month for 10 years or until the marital residence is sold is without merit. Fixation of both the amount and duration of maintenance grants are within the discretion of the trial court upon the court's consideration of the statutory factors set forth in Domestic Relations Law § 236 (B) (6) (a) (1) through (11) (see, Sperling v Sperling, 165 AD2d 338, 341). The record reveals that plaintiff earns a substantially lower income than defendant; plaintiff makes $21,440 annually as a temporary State employee while defendant earns $57,000 annually from Niagara Mohawk where he has been employed since 1967. Plaintiff has a Bachelor's degree and was employed prior to the birth

of the children but did not work thereafter so she could be a full-time homemaker. Plaintiff was qualified to teach Spanish but is not currently certified. Plaintiff cannot become certified without substantial and costly additional education. Further, the two minor children reside with plaintiff and the maintenance payments are tax deductible.

Defendant's contention that he is entitled to a separate property credit of some $18,000 representing two savings accounts he claims to have brought into the marriage and contributed to the marital residence is rejected. There is no admissible proof in the record that these claimed separate funds were used to acquire marital property (see, Lischynsky v Lischynsky, 120 AD2d 824). Finally, defendant's contention that Supreme Court improperly failed to grant his request for permission to claim the two children as exemptions on his income tax return lacks merit. Pursuant to Federal tax provisions (see, 26 USC § 152), the custodial parent is entitled to the tax exemptions unless the custodial parent gives a written release to the noncustodial parent (see, 26 USC § 152 [e]). Accordingly, plaintiff is entitled to the two deductions.

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.