■ Mary Giuffre, Appellant, v Joseph Giuffre, Respondent. [612 NYS2d 439] —In an action for divorce and ancillary relief, the plaintiff appeals, (1) as limited by her brief, from so much of a judgment of the Supreme Court, Richmond County (Marrero, J.), dated July 16, 1992, as failed to award her an equal share of certain bank accounts and investments and (2) from a qualified domestic relations order of the same court, also dated July 16, 1992, which, inter alia, awarded her a 50% share of the marital portion of the defendant's pension.

Ordered that the appeal from the order is dismissed as abandoned; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

During the course of their marriage, the parties opened several joint bank accounts and made several joint investments. The money that they used to open the accounts and make the investments came from the defendant's separate property. During the trial, the defendant testified that the accounts and investments were titled in both names because the rules of the Federal Deposit Insurance Corporation provide that no more than $100,000 per Social Security number may be insured. The plaintiff contended that, prior to their marriage, the parties had made an oral agreement that they would combine all of their assets once they were married. Accordingly, the plaintiff contends on appeal that any investments or bank accounts that were acquired during the parties' marriage should be considered marital assets whether or not the money for them came from separate property.

Domestic Relations Law § 236 (B) (3) requires that, to be

enforceable in a matrimonial action, an agreement made by the parties before or during the marriage must be "in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded." Pursuant to Banking Law § 675 (b), when one spouse places separate property in a joint account, a presumption arises that the parties are entitled to equal shares of the account (see, Di Nardo v Di Nardo, 144 AD2d 906). However, this presumption may be overcome when a spouse creates a joint account as a matter of convenience, without the intention of creating a beneficial interest, and when the funds for the account came solely from that spouse's separate property (see, Coffey v Coffey, 119 AD2d 620; Filippi v Filippi, 53 AD2d 658). Accordingly, we agree with the trial court's distribution of the parties' marital property.

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Miller, Joy and Altman, JJ., concur.