■ BRONNA KRINSKY, Respondent-Appellant, v IRVING KRINSKY, Appellant-Respondent. [618 NYS2d 36] —In an action for divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Galfunt, J.H.O.), entered February 27, 1991, as (1) distributed the marital assets equally between the parties, (2) directed him to pay $300 per week maintenance for 5 years, and (3) directed him to pay pendente lite maintenance arrears in the amount of $39,468.10. The plaintiff wife cross-appeals from so much of the same judgment as (1) denied equitable distribution of a joint bank account in the name of the defendant husband and his father on the ground that it is separate property, (2) directed that her distributive award be paid in four yearly installments, and (3) denied her application for attorney's and expert's fees.

Ordered that the judgment is modified, on the law, by (1) deleting the provision in the fifth decretal paragraph thereof which awarded the husband sole ownership of the joint bank account with his father and substituting therefor a provision awarding the wife one-half of the husband's one-half interest in the joint bank account maintained by the husband with his father, (2) deleting the provision in the twelfth decretal paragraph thereof which made each party responsible for their

own attorney's and expert's fees and substituting therefor a provision awarding the wife $25,000 in attorney's fees and $3,500 in accountant's fees, and (3) adding a fourteenth decretal paragraph crediting the husband for one-half of the cost of transcribing the trial minutes; as so modified the judgment is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine the balance of the joint bank account as of June 5, 1986, and the cost of transcribing the trial minutes.

As the wife correctly asserts, the husband's one-half interest in a joint account which he held with his father should be deemed a marital asset. It is well settled that both depositors named on a joint account presumptively have an undivided one-half property interest in the moneys deposited (see, Matter of Kleinberg v Heller, 38 NY2d 836; Brezinski v Brezinski, 94 AD2d 969). That presumption may be refuted by direct proof or substantial circumstantial proof, which is clear and convincing and sufficient to support an inference that the joint account had been opened in that form only as a matter of convenience (see, Brezinski v Brezinski, supra). Although the husband contends that the money in the joint account was all deposited by his father he offered no proof of this assertion. Thus, the trial court should have determined that one-half of the account was marital property. This matter must be remitted to the Supreme Court to determine the balance of the account as of June 5, 1986 (the date the divorce action was commenced) and the wife should be awarded one-half of the husband's one-half interest in the joint account.

The husband contends that he is entitled to a credit for one-half of the cost of transcribing the trial minutes. We agree. At the conclusion of the trial, the parties stipulated that the husband would pay for the transcription of the trial minutes and that he would receive a credit for one-half of the cost as part of equitable distribution. However, the trial court failed to award the husband this credit. Therefore, this matter must be remitted to the Supreme Court for a determination as to the cost of the transcription and the proper credit to be awarded to the defendant.

The wife contends that the trial court erred by failing to award her attorney's and expert's fees. We agree. The issue of attorney's fees is controlled by the equities and circumstances of each particular case, and the court must consider the relative merits of the parties' positions and their respective financial positions in determining whether any award is ap-

propriate *(see,* Domestic Relations Law § 237 [a]; *O'Brien v O'Brien,* 66 NY2d 576, 590; *Linda R. v Richard E.,* 176 AD2d 312, 313; *Hackett v Hackett,* 147 AD2d 611). We conclude that an award of $25,000 in attorney's fees is appropriate.

Likewise, considering that the wife bore the burden of demonstrating the value of the husband's business interests, and given the relative financial positions of the parties, we conclude that an award of $3,500 in accountant's fees, in addition to the $2,500 the husband has already paid, is appropriate *(see,* Domestic Relations Law § 237 [d]; *Schwartz v Schwartz,* 160 AD2d 791).

The parties' remaining contentions are without merit. Miller, J. P., Joy, Altman and Goldstein, JJ., concur.