■ VINCENT LAGNENA, Respondent-Appellant, v MARION M. LAGNENA, Appellant-Respondent. [626 NYS2d 542] —In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from (1) stated portions of a judgment of the Supreme Court, Suffolk County (Friedenberg, J.), dated January 5, 1994, which, *inter alia,* granted the plaintiff husband (a) a distributive award of $138,350, (b) an award of permanent maintenance in the sum of $1,000 a month, and (c) an award of $2,400 so that each party would have an equal share in the value of the parties' automobiles, and (2) so much of an order of the same court, dated May 24, 1994, as, upon reargument, adhered to the original determination. The plaintiff husband cross-appeals, as limited by his brief, from stated portions of the judgment which, *inter alia,* (a) granted him only $138,350 as a distributive award, (b) awarded him maintenance of only $1,000 a month, and (c) failed to award him full payment of his attorney's fees. The cross-appeal brings up for review the order which, upon reargument, adhered to the original determination *(see,* CPLR 5517 [b]).

Ordered that the appeal and the cross-appeal from the judgment are dismissed, as the judgment was superseded by the order made upon reargument; and it is further,

Ordered that the order is modified by deleting therefrom the provisions which, upon reargument, adhered to so much of the original determination as granted the husband a distributive award of $138,350 and a payment of $2,400 in connection with the value of the parties' automobiles, and substituting therefor a provision granting the husband a distributive award of $28,750; as so modified, the order is affirmed insofar as appealed from and insofar as reviewed upon the cross-appeal, and the judgment is modified accordingly; and it is further,

Ordered that the wife is awarded one bill of costs.

Banking Law § 675 (a) provides that both depositors named on a joint account presumptively have an undivided one-half interest in the moneys deposited. "That presumption may be refuted by direct proof or substantial circumstantial proof, which is clear and convincing and sufficient to support an inference that the joint account had been opened in that form only as a matter of convenience" *(Krinsky v Krinsky,* 208 AD2d 599, 600; *Brezinski v Brezinski,* 94 AD2d 969). Here, the presumption of joint tenancy was rebutted because the evidence adduced at trial established that all of the moneys in the parties' joint savings accounts originated with the wife, she had sole control over these accounts, and she created the joint savings accounts for convenience. Moreover, because these joint savings accounts are the wife's separate property, the marital home, which was acquired solely with the funds contained in these accounts and funds contained in the wife's separate account at the Greenpoint Savings Bank, is not subject to equitable distribution *(see,* Domestic Relations Law § 236 [B] [1] [c]). However, because the husband participated in the maintenance of the home during the marriage, he is entitled to $28,750, as an equitable share of $57,500, which represents the appreciated value of the home from $332,500 to $390,000. Moreover, the husband is not entitled to an equitable share of the AT&T stock, which is part of the wife's inheritance from her father and is her separate property *(see,* Domestic Relations Law § 236 [B] [1] [d]). Furthermore, under the circumstances, the court should not have awarded the husband $2,400 in connection with the value of the parties' automobiles.

We have reviewed the parties' remaining contentions and find them to be without merit. Mangano, P. J., Miller, Pizzuto and Santucci, JJ., concur.