■ SUSAN GUNDLACH, Respondent, v GERALD E. GUNDLACH, Appellant. [636 NYS2d 914] —Casey, J. Appeals from a judgment and amended judgment of the Supreme Court (Conway, J.H.O.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered September 29, 1994 and October 20, 1994 in Albany County, upon a decision of the court.

The parties were married in 1977 and have three children. In January 1993, plaintiff commenced this action for divorce based on defendant's alleged cruel and inhuman treatment. After trial, judgment was entered granting plaintiff a divorce and equitable distribution was ordered, by which plaintiff was awarded exclusive use and occupancy of the marital residence until the emancipation of the youngest child and also counsel fees. The judgment was thereafter amended to correct numerical errors and to include a stipulation.

On this appeal, defendant initially claims error in Supreme Court's finding that settlement money which defendant received for personal injuries incurred in an employment-related accident was marital property. The personal injury action was settled for $350,000 on June 19, 1988 and defendant received a net share of $208,198.05. On that same day, defendant deposited that exact sum into a newly opened joint bank account in the names of both plaintiff and defendant. Although compensation for personal injuries is, as defendant alleges, usually considered separate property (Domestic Relations Law § 236 [B] [1] [d] [2]), a presumption that each party was entitled to an equal share of the deposit arose when defendant deposited the settlement money into a joint account (*see*, Banking Law § 675 [b]; *Krinsky v Krinsky*, 208 AD2d 599, 600; *Giuffre v Giuffre*, 204 AD2d 684, 685). This presumption cast the burden on defendant to establish, by clear and convincing proof, that the joint account was created only as a matter of convenience (*see*, *Krinsky v Krinsky, supra*; *Giuffre v Giuffre, supra*). Defendant failed to meet this burden. The evidence of various transfers from the joint account into and out of other accounts confirms plaintiff's testimony that all of the parties' money was handled jointly, regardless of the source. The settlement money was, therefore, marital property with the balance of said account and any interest accumulation subject to equitable distribution (*see*, *Dugue v Dugue*, 172 AD2d 974, 975-976).

Defendant further argues that Supreme Court abused its

discretion by awarding plaintiff $7,229.36 in counsel fees without a hearing to evaluate the underlying services. In view of the fact that defendant failed to request a hearing or raise any clear objection to the submission of the issue on papers, defendant's argument is untenable. Supreme Court clearly indicated that the award of counsel fees to plaintiff was based upon "the prevailing rates of the Albany area for legal services", plaintiff demonstrated need and the court considered the relevant factors in making the award (*see*, Domestic Relations Law § 237 [d]). There was, therefore, no abuse of discretion in the award of counsel fees to plaintiff (*see*, *Cardia v Cardia*, 203 AD2d 650, 652; *see also*, *Sclafani v Sclafani*, 178 AD2d 830, 832).

With respect to defendant's complaint that Supreme Court erred in awarding plaintiff exclusive use and occupancy of the marital home until the parties' youngest child was emancipated, we also find no abuse of discretion. Plaintiff is the custodial parent and the children's roots are in the neighborhood where the marital residence is located. Domestic Relations Law § 236 (B) (5) (d) (3) specifically authorizes the court to consider the need of the custodial parent to occupy the marital residence, and such occupancy provides the stable environment that Supreme Court felt was necessary to the children's best interest (*see*, *Carpenter v Carpenter*, 202 AD2d 813). We see no abuse of discretion in permitting plaintiff to defer the sale date until the youngest child is emancipated, which will occur no later than that child's 21st birthday and can occur sooner (*see*, *Pacillo v Pacillo*, 155 AD2d 736).

We also reject defendant's contention that Supreme Court erred in allocating a credit to plaintiff from the sale proceeds of the marital residence for the reduction in the principal mortgage balance. Because shelter is inherent in the basic child support obligation, it is usually improper to compel the noncustodial parent to pay the carrying charges on the children's residence in addition to the child support formula without stating the reasons for deviating from the formula (*see*, *Chasin v Chasin*, 182 AD2d 862, 863). Here, however, defendant is not required to pay the mortgage in addition to the child support obligation imposed on him. Defendant's child support obligation is fixed at $201.48 biweekly, which includes not only shelter, but also food, clothing and other necessities. Plaintiff pays $781.35 per month for the mortgage and taxes on the marital residence, plus utilities, repairs and other maintenance charges. Supreme Court noted that plaintiff's income is such that she will be required to consume a portion of her

share of the distributive award to maintain the marital residence and, further, that defendant had received a larger share of the marital estate. In these circumstances, we see no error in the credit given to plaintiff, which we view in this case as an adjustment to the distributive award, not a duplication of the children's shelter.

It was an abuse of discretion, however, for Supreme Court to direct defendant to make a distribution of life insurance policies to the parties' children upon their emancipation. There is no authority for Supreme Court to grant equitable distribution in favor of the children of the marriage (*see, Lynch v Lynch*, 122 AD2d 589, 590). We find no abuse of discretion in Supreme Court's failure to grant defendant's request for permission to claim two of the children as tax exemptions. As the noncustodial parent, defendant was not entitled to the tax exemptions absent plaintiff's written release (*see, Carpenter v Carpenter, supra*, at 815). Furthermore, Supreme Court noted that it had considered the tax consequences to each party in determining equitable distribution.

Mercure, J. P., White, Peters and Spain, JJ., concur. Ordered that the judgment and amended judgment are modified, on the law, without costs, by deleting so much thereof as directed defendant to make a distribution of life insurance policies to the parties' children upon their emancipation, and, as so modified, affirmed.