■ JOSEPHINE SMITH, Respondent, v THOMAS F. SMITH, Appellant. [671 NYS2d 829] —Carpinello, J. Appeal from a judgment of the Supreme Court (Vogt, J.H.O.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered February 13, 1997 in Ulster County, upon a decision of the court.

The parties were married in November 1970. At the time plaintiff commenced this divorce action in October 1995, defendant had been employed full time by Central Hudson Gas & Electric Company for 11 years earning $48,474 and plaintiff had been employed part time for six years as a secretary earn-

ing $5,752. Both parties were in their mid-40s. During the marriage, plaintiff held various part-time jobs and had obtained an Associate's degree in human services from a local community college. Their only child is emancipated. Although plaintiff allegedly experienced bouts of depression from the stress of the marriage and defendant was diagnosed with Crohn's Disease in 1979, both were otherwise in good health at the time of the trial.

Notwithstanding its finding that plaintiff "is capable of generating considerably more income than that derived from her present position" and that she made no "concerted effort" to seek full-time employment, Supreme Court awarded plaintiff spousal maintenance in the amount of $250 per week for four years and $150 per week thereafter until defendant retires or loses his job. In response to defendant's contention that Supreme Court erred in this regard, we note that this Court's authority is as broad as Supreme Court's in resolving questions of maintenance (see, e.g., Boughton v Boughton, 239 AD2d 935, 936) and, after reviewing the record, we disagree with the court's resolution in only one respect. While the court appropriately awarded plaintiff $250 weekly for four years, the maintenance thereafter should have been more limited in its duration; to wit, $150 for an additional five years only (see, Hapeman v Hapeman, 229 AD2d 807, 810-811).

Indeed, with respect to plaintiff's future earning capacity and ability to become self-supporting, Supreme Court itself found, and the record amply supports, that plaintiff is employable and the primary impediment to obtaining full-time employment is her failure to make any real efforts to obtain same (see, Domestic Relations Law § 236 [B] [6] [a] [4]). While the length of the parties' marriage was significant (see, Domestic Relations Law § 236 [B] [6] [a] [2]), the record reveals a modest preseparation standard of living (see, Hartog v Hartog, 85 NY2d 36, 51). Defendant's salary is currently significantly higher than plaintiff's salary, but he is responsible for all carrying charges on the marital residence, two thirds of the parties' credit card debt and plaintiff's health insurance premiums for three years (see, Domestic Relations Law § 236 [B] [6] [a] [1], [11]). Significantly, plaintiff was only 44 years old when the action was commenced and in good health (see, Domestic Relations Law § 236 [B] [6] [a] [2]). Moreover, she has prior work experience, including significant secretarial training, procured an Associate's degree during the marriage, has only one child now emancipated and will net approximately $40,000 (tax free) from the sale of the marital residence (see, Domestic

Relations Law § 236 [B] [6] [a] [1], [3], [4], [6], [7]). Noting that the function of maintenance is to allow the recipient spouse " 'an opportunity to achieve [economic] independence' " (*O'Brien v O'Brien*, 66 NY2d 576, 585) and the duration of such an award should be that period of time reasonably necessary to allow that spouse to become self-supporting (*see, Culnan v Culnan*, 142 AD2d 805, 807, *lv dismissed* 73 NY2d 994), we are satisfied that $250 weekly for four years and $150 weekly for an additional five years satisfies these goals (*see, e.g., Hapeman v Hapeman*, 229 AD2d 807, *supra; Trank v Trank*, 210 AD2d 472; *Glazer v Glazer*, 190 AD2d 951).

Contrary to defendant's contention, Supreme Court did not abuse its discretion in granting plaintiff's motion to reopen the evidence, made immediately after defendant rested and prior to summations (*cf., Shapiro v Shapiro*, 151 AD2d 559, 560-561), for the limited purpose of introducing subpoenaed records concerning defendant's pension which were inadvertently omitted from evidence during her direct case (*compare, Ellis v Ellis*, 235 AD2d 1002, 1005). Nor has defendant demonstrated that Supreme Court, as the trier of fact, abused its discretion in crediting the testimony of plaintiff's expert witness over that of his expert with respect to the value of plaintiff's Associate's degree (*see, Walasek v Walasek*, 243 AD2d 851, 852-853).

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is modified, on the law and the facts, by reversing so much thereof as granted plaintiff an award of maintenance of $250 per week for four years and $150 per week thereafter until defendant retires or his employment is otherwise terminated; plaintiff is awarded maintenance of $250 per week for four years and, at the conclusion of this four-year period, $150 per week for a maximum of five years thereafter or until defendant retires or his employment is otherwise terminated, whichever shall first occur; and, as so modified, affirmed.