■ KAREN A. KOSOVSKY, Respondent, v KENNETH ZAHL, Appellant. [684 NYS2d 524] —Judgment, Supreme Court, New York County (Marylin Diamond, J.), entered July 10, 1998, which, after a nonjury trial, *inter alia*, equitably distributed the parties' marital property, ordered that child support payments be retroactive to the date of application, directed the defendant to maintain an insurance policy of $750,000 for the benefit of the parties' child until the child attains the age of 21, and to pay the fees of an expert witness hired by plaintiff, and orders, same court and Justice, entered June 16, 1998 and July 10, 1998, respectively, which, to the extent appealed from, awarded plaintiff wife 31.28% of defendant's pension, directed defendant to pay retroactive child support at the rate of $500 per month, and denied defendant's cross motion to renew or for a new trial based upon newly discovered evidence, unanimously affirmed, with costs.

We agree with the trial court that "separate property" as defined in the parties' post-nuptial agreement includes appreciation thereon.

The court also properly determined that defendant failed to rebut the presumption that monies in a joint account constituted marital property since he did not establish that the source of the funds was his separate property (*see, Lolli-Ghetti v Lolli-Ghetti*, 165 AD2d 426, 432, *lv denied* 78 NY2d 864) or that the joint account was opened as a matter of convenience only (*cf., Lagnena v Lagnena*, 215 AD2d 445). Also proper was the court's determination that liens on the parties' joint ac-

count were to be satisfied out of defendant's share of the equitable distribution award since the record supports the court's finding that the liens were not incurred for the benefit of the marriage (*see, Savage v Savage,* 155 AD2d 336). The record also supports the trial court's determination that contributions to defendant's pension subsequent to the commencement of the instant litigation amounted to $9,000, and the court's valuation of the pension as of the trial date was proper since the increase in value was due to passive appreciation (*Zelnik v Zelnik,* 169 AD2d 317, 335).

The trial court properly imputed income of $400,000 to defendant where the evidence revealed that he manipulated the finances of his solely owned corporation to reduce his income and there was proof of unreported cash receipts (*see, Isaacs v Isaacs,* 246 AD2d 428; Domestic Relations Law § 240 [1-b] [b] [5] [iv] [B]). The court's determination that defendant was not disabled from the practice of anesthesiology was based on a reasonable view of the evidence, including the testimony of plaintiff's expert, who the court found to be more credible than either defendant or his expert. We see no reason to disturb that determination. The trial court's imputation of income of $150,000 to plaintiff based on her income from investments was also proper. Contrary to defendant's argument, the trial court did not err by refusing to impute more income to plaintiff from employment as a physician since plaintiff's decision not to seek employment in the near future is reasonable in view of the health problems of the parties' child and, further, plaintiff by reason of her investment income is not seeking maintenance.

The life insurance policy of $750,000 required by the court to secure defendant's child support obligation is not excessive in view of the defendant's total obligation, including retroactive support and education expenses. We have considered defendant's remaining arguments and find them to be unavailing. Concur—Rosenberger, J. P., Ellerin, Tom and Mazzarelli, JJ.