Cardona, P. J., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed.

■ Jo-ELLEN UNGER-MATUSIK, Respondent-Appellant, v DONALD M. MATUSIK, Appellant-Respondent. [715 NYS2d 449] —Carpinello, J. Cross appeals from a judgment of the Supreme Court (Reilly, Jr., J.), ordering, *inter alia,* equitable distribution of the parties' marital property, entered June 15, 1998 in Saratoga County, upon a decision of the court.

The parties to this action were married for approximately 27 years when plaintiff commenced this action for divorce in October 1996. At that time, plaintiff was 48 years old and defendant was 47 years old and their two children were emancipated. Of the myriad of issues resolved below—either by stipulation between the parties or by Supreme Court following

several days of trial and the parties' subsequent submission of affidavits in lieu of further oral testimony—only a handful are presently at issue on this appeal. With one exception, none of the parties' contentions warrants a modification of Supreme Court's decision.

In making its equitable distribution award, Supreme Court concluded that all marital property would be distributed equally and, after assigning a value to these assets and making adjustments to reflect the distribution of all marital debt, it determined that plaintiff was entitled to a distributive award of $21,803.50. It then directed that this amount be dispersed from an escrow account which had been funded with the proceeds from the sale of a parcel of real property sold during the pendency of the divorce proceeding. Although defendant does not take issue with the distributive award itself, he claims that Supreme Court improvidently exercised its discretion in directing that it be paid from the escrowed funds. He also argues that the court erred in failing to direct that any capital gains tax resulting from the sale of this property be paid out of the escrow account before any distribution. Notably, both parties had already agreed to be responsible for one half of any gains tax.

Plaintiff, in response, claims that Supreme Court erred in distributing the marital property on an equal basis. According to her, the court should have given more consideration to defendant's wasteful dissipation of marital assets and fashioned a distribution on an unequal basis in her favor. Noting the appropriate standard of review upon which this Court is to judge these aspects of Supreme Court's equitable distribution award, i.e., the abuse of discretion standard (*see, e.g., Roffey v Roffey*, 217 AD2d 864, 866; *Carpenter v Carpenter*, 202 AD2d 813, 814; *Simmons v Simmons*, 159 AD2d 775, 777-778), we find no abuse of that discretion.

With respect to defendant's claims of error, we first point out that he never requested during the proceedings below that any capital gains tax be paid from the funds in the escrow account (*see generally, Carpenter v Carpenter, supra*). We further note that at the time Supreme Court rendered its decision in this matter, the precise amount of any tax liability was unknown (*compare, Myers v Myers*, 255 AD2d 711, 714). Defendant himself had postulated in his papers to Supreme Court that he "fully anticipate[d] that there will *not* be any significant taxes to be paid" (emphasis supplied). Under these circumstances, it can hardly be deemed an abuse of discretion to fail to direct that this unspecified sum be deducted from the escrow account

especially in the absence of a request for same (*see generally*, *Vicinanzo v Vicinanzo*, 193 AD2d 962, 968; *Simmons v Simmons, supra*, at 777).

Nor are we persuaded that Supreme Court abused its discretion in directing the payment of plaintiff's distributive award from these liquid marital funds (*cf.*, *Bohnsack v Bohnsack*, 185 AD2d 533, 536; *Romano v Romano*, 139 AD2d 979; *Nolan v Nolan*, 107 AD2d 190, 194). Indeed, the manner in which a distributive award is to be made is discretionary (*see*, *Simmons v Simmons, supra*, at 777). Here, considering the availability of these funds, and defendant's receipt of one half of the proceeds from the sale of the marital residence, payment of the award from the escrow account, as opposed to payment in installments, is not an abuse of discretion (*see*, Domestic Relations Law § 236 [B] [5] [e]; *Hunter v Hunter*, 206 AD2d 700, 702-703; *cf.*, *Basile v Basile*, 199 AD2d 649, 652). Finally, Supreme Court properly weighed all statutory factors (*see*, Domestic Relations Law § 236 [B] [5] [d]), including defendant's alleged wasteful disposition of marital assets (*see*, Domestic Relations Law § 236 [B] [5] [d] [11]), in rendering its discretionary determination that an equal distribution of marital property was warranted. Supreme Court found, and the record confirms, that plaintiff failed to meet her burden of proving that defendant in fact wastefully dissipated any marital asset (*see*, *Strang v Strang*, 222 AD2d 975, 977-978). Accordingly, its equal distribution of the marital assets will not be disturbed.

Defendant next claims that Supreme Court abused its discretion in awarding plaintiff lifetime spousal maintenance. We agree. After reviewing the record in conjunction with the factors outlined under Domestic Relations Law § 236 (B) (6) (a), we find that maintenance is warranted but it should be limited in its duration. Plaintiff was only 48 years old when the action was commenced and, despite testimony about various medical ailments, was found by Supreme Court to be in good health (*see*, Domestic Relations Law § 236 [B] [6] [a] [2]).* At the time of the trial, defendant earned $55,102 per year as a staff attorney for the Department of Correctional Services and Supreme Court found "little credible proof" that he earned additional funds from private practice (*see*, Domestic Relations Law § 236 [B] [6] [a] [3]). With respect to plaintiff's earning capacity and ability to become self-supporting, the record

---

* Plaintiff testified that she suffers from various ailments, such as hypothyroidism, high blood pressure and arthritis. Notably, however, she herself admitted that none of her medical ailments precluded her from working at her current job.

reveals that she can become self-supporting, albeit not "immediately" (see, Domestic Relations Law § 236 [B] [6] [a] [3], [4]). While the parties were married for a significant period of time (see, Domestic Relations Law § 236 [B] [6] [a] [2]), plaintiff does hold a Bachelor's degree in elementary education, a Master's degree in developmental reading and a permanent New York State teaching certificate which permits her to teach kindergarten through sixth grade (see, Domestic Relations Law § 236 [B] [6] [a] [3], [4], [5]). In addition, plaintiff was employed as a substitute teacher at various periods throughout the marriage and, as of the trial in this matter, continued to substitute teach. Tellingly, it is undisputed that she had been offered a permanent teaching position in 1994 at an annual salary of $26,000, thus rendering the claim that her degrees are "defunct" unpersuasive (see, Domestic Relations Law § 236 [B] [6] [a] [5]).

In addition to her employment as a substitute teacher, plaintiff has been a freelance writer and photographer on a part-time basis for nearly 15 years and has been employed with a not-for-profit learning institute in Saratoga County since 1994. As of the trial, she served as this institution's director, earning $11,000 per year part time (two days per week). In this position, she coordinates all aspects of its programs for semiretired people, coordinates its curriculum, does financial tasks and long-range planning, as well as public relations. She obtained vested retirement benefits in this job as of 1999.

The only children of the marriage are emancipated, and plaintiff netted $77,000 from the sale of the marital residence, $43,193.20 from the escrow account and will net an additional $21,803.50 as a lump-sum distributive award (see, Domestic Relations Law § 236 [B] [6] [a] [1], [2], [11]). These funds are in addition to the nearly $33,000 in bank and retirement accounts which were also awarded to her by Supreme Court in its distribution of marital property (see, Domestic Relations Law § 236 [B] [6] [a] [1]). She also has a one-half ownership interest in two residences in Albany County (see, Domestic Relations Law § 236 [B] [6] [a] [11]). Given the foregoing and noting that maintenance serves to allow a recipient an opportunity to achieve economic independence (see, e.g., O'Brien v O'Brien, 66 NY2d 576, 585; Smith v Smith, 249 AD2d 813) and that the duration of such should be that period of time reasonably necessary to allow that spouse to become self supporting (see, Smith v Smith, supra), we find that the maintenance award should be modified to terminate on October 31, 2002. This would permit plaintiff to receive maintenance of $750 biweekly

for two years, $600 biweekly for another two years and $500 biweekly for the next two years as ordered by Supreme Court (*see, Spenello v Spenello*, 274 AD2d 822, 822-823 [spousal maintenance of $75 per week for 10 years adequate for 55-year-old spouse who earned $14,000 as a teacher's aid following a 26-year marriage]; *Smith v Smith, supra* [spousal maintenance ranging between $250 and $100 per week for nine years adequate for 44-year-old spouse with Associate's degree following a 25-year marriage]; *Basile v Basile*, 199 AD2d 649, *supra* [spousal maintenance of $250 per week for five years adequate for 56-year-old spouse with nursing degree following 22-year marriage]).

As a final matter, we find no abuse of discretion in Supreme Court's award of $20,000 in counsel fees to plaintiff. In awarding her approximately one half of the total amount requested, the court determined that all legal services rendered were necessary and reasonable. Moreover, in rendering its decision on this issue, the court specifically held that "having presided over all aspects of this action for divorce, the Court is convinced that it was the uncompromising and contentious nature of * * * defendant, not * * * plaintiff, which necessitated the extraordinary counsel fees incurred by * * * plaintiff." We have no reason to disagree with Supreme Court's assessment of defendant's conduct or the corresponding amount of legal fees incurred by plaintiff as a result thereof and, therefore, will not disturb its award (*see, Vicinanzo v Vicinanzo*, 193 AD2d 962, 966, *supra*).

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as awarded permanent spousal maintenance to plaintiff; spousal maintenance is to be awarded consistent with this Court's decision; and, as so modified, affirmed.