■ HALINA DIENER, Respondent, v JAKOW G. DIENER, Appellant. [721 NYS2d 667] —In a matrimonial action in which the parties were divorced by judgment dated July 30, 1998, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Gewanter, J.), dated August 24, 1999, as, after a hearing, denied that branch of his cross motion which was to direct the plaintiff to release to him all funds held in a tax escrow account and for an award of an attorney's fee.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties' judgment of divorce incorporated a stipulation of settlement entered into on February 13, 1998. The stipulation provided, among other things, that the plaintiff would receive the "proceeds" of the sale of the marital residence. The defendant was to pay the carrying costs on the residence pending its sale, and pending the ultimate distribution of the proceeds to the plaintiff.

At the time of the closing on the sale of the residence in November 1998, a mortgagee bank tendered a check in the sum of $7,194.90, payable to both parties. This reflected the amount which, at the time of the closing, the bank was holding in an escrow account in the name of both parties, and which was maintained for the purposes of ensuring the payment of taxes and insurance premiums relating to the subject property. The defendant argues that this amount was not part of the proceeds of the sale, that it is traceable to the payments he made pursuant to his obligation to pay the carrying costs on the residence, and that he is therefore entitled to receive this entire amount. We disagree.

The plaintiff was entitled to receive the proceeds of the sale of the marital home. The stipulation of settlement defined the term "proceeds" as "the gross figure minus the closing cost[s], minus the broker fee, minus paying the first and second mortgage." The judgment of divorce contained a similar definition. Accordingly, it was only (1) the closing costs, (2) the amount paid to the broker, and (3) the amount needed to pay off the balance of the mortgages on the property that were excluded from the meaning of the term "proceeds." The check for $7,194.90 cannot be considered as falling within any one of these three categories, and, as all the other funds which were paid to the plaintiff at closing, can only be considered part of the proceeds of the sale, as defined in the stipulation of settlement.

Even if we were to accept the proposition that the check for $7,194.90 was not part of the proceeds of the sale, and that it

constituted instead an item of property that the parties failed to consider at the time of the stipulation of settlement, it does not follow that the defendant is entitled to receive those funds. The funds were not "property acquired by either [party] or both [parties] during the marriage and before the execution of a separation agreement" (Domestic Relations Law § 236 [B] [1] [c]), and do not otherwise qualify as "marital property" as defined in the statute (*see, Stempler v Stempler,* 200 AD2d 733). By the same token, the funds were not traced to "property acquired before marriage or property acquired by bequest, devise, or descent, or gift from a party" (Domestic Relations Law § 236 [B] [1] [d] [1]), or to other property which might otherwise qualify as "separate property" as defined by the statute. Assuming, as the definitions cited above appear to indicate, that this property is completely beyond the scope of the Domestic Relations Law, and is not distributable to the plaintiff as part of the "proceeds" of the sale, in accordance with the stipulation, then the proper course would be to divide it equally, in accordance with title, rather than equitable distribution principles (*see, Pope v Pope,* 62 AD2d 986 [wife, as owner of former marital residence, entitled to funds in tax escrow account, even where husband was obligated to pay mortgage]).

The defendant claims that the $7,194.90 disbursed by the mortgagee bank at the time of the closing should be considered his separate property (Domestic Relations Law § 236 [B] [1] [d]). Yet, as noted above, he failed to demonstrate that the funds he used to pay the carrying costs on the property during the few months between the date of the stipulation of settlement and the date of the closing were derived from property that he owned before the parties' marriage, or from funds that might otherwise be considered separate pursuant to Domestic Relations Law § 236. Moreover, the defendant overlooks the principle of equitable distribution law according to which the transfer of separate property into a joint account gives rise to a presumption that such funds are to be divided equally (*see, Gundlach v Gundlach,* 223 AD2d 942; *Krinsky v Krinsky,* 208 AD2d 599, 600; *Giuffre v Giuffre,* 204 AD2d 684, 685; *see also, Kosovsky v Kahl,* 257 AD2d 522).

For these reasons, the defendant's argument that he is entitled to 100% of the funds refunded from the tax escrow account is without merit. The Supreme Court, after dividing the proceeds of the $7,194.90 escrow check equally, applied certain additional credits and debits, and ultimately awarded the defendant a greater sum than that awarded to the plaintiff, who has not cross-appealed. Under these circumstances, there is no

basis to modify the order appealed from, and the order is therefore affirmed.

The defendant's remaining contentions are without merit. Bracken, Acting P. J., McGinity, Luciano and Feuerstein, JJ., concur.