FRANCES MIDDLETON, as Administratrix of LIGHTBOURNE MIDDLETON, Deceased, Appellant, *v.* PHILIP L. WOOSTER, Respondent.

First Department, July 11, 1918.

**Bills and notes — action upon promissory note — defense of want of consideration — evidence — full-paid stock defined — erroneous instruction to jury.**

In an action to recover upon a promissory note executed by the defendant to the plaintiff's assignor the main defense was one of consideration. It appeared that plaintiff's assignor, who had formerly been the defendant's partner, agreed to advance money for which the defendant was to give his note and have a share of the stock of a corporation to be formed by them. The stock was issued, assigned to the defendant, and delivered to the plaintiff's assignor together with the defendant's note. Plaintiff's assignor testifies that it was agreed that the stock should be held as collateral to the note which is denied by the defendant who testified that the note was to be paid by the profits of the business.

*Held,* that it was not competent to show that the note was to be paid by the profits of the business and that a finding that the note was without consideration was against the weight of the evidence.

As the uncontradicted evidence of the plaintiff's assignor that the stock was issued " upon a 50% paid up basis " established that the stock was full paid, it was error for the court to charge that the stock was only half paid.

Full-paid stock means stock upon which no further payments can be demanded by the corporation.

PAGE and SHEARN, JJ., dissented.

APPEAL by the plaintiff, Frances Middleton, as administratrix, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 21st day of April, 1914, upon the verdict of a jury, and also from an order entered in said clerk's office

on the 20th day of April, 1914, denying plaintiff's motion for a new trial made upon the minutes.

*Emory R. Buckner* of counsel [*Lawrence B. Dunham,* attorney], for the appellant.

*Henry F. Herbermann* of counsel [*John Thomas Smith,* attorney], for the respondent.

SMITH, J.:

The action is brought to recover upon a promissory note executed by the defendant to the plaintiff's assignor upon January 2, 1908, for $6,000, payable January 2, 1910. The defense to the note in the main is want of consideration. It seems that one Fred Welker, who had formerly been the defendant's partner in a California enterprise, contemplated the formation of a Canadian company and the production of maple syrup in a factory at Yonkers, N. Y. This Fred Welker was over seventy years of age. He had a nephew whom he apparently wanted to help somewhat and he also desired that this defendant should come in with him. The defendant was working for the Federal Sugar Refining Company, in which was also interested C. A. Spreckles. It was finally agreed that Welker should advance $20,000, for which Wooster was to give his note, and that Wooster should have six-twentieths of the stock and the defendant was to overlook the enterprise to an extent from this end. After this enterprise was started, Fred Welker brought a note for $6,000 for the defendant to sign. Thereupon defendant swears he said to him, " I understood you were making me a present of this stock." Welker then told him to sign the note and the note would be paid out of the profits of the business. He then signed the note without further question. This $6,000 represented the money that Welker did in fact put in for the purchase of the defendant's stock. The stock was issued and assigned to Wooster and delivered to Welker, together with the defendant's note. Welker swears that it was agreed that the stock should be held as collateral to the note. This is denied by the defendant who swears that there was nothing said about any collateral, and furthermore, that he was not to be liable upon the note, but that the note was

to be paid by the profits of the business. The trial judge properly held that it was not competent to show that the note was to be so paid. It was contended that no stock had ever been delivered to the defendant, and, therefore, the note was without consideration. The court submitted to the jury whether the note had any valid consideration, and upon that question allowed the testimony of the defendant as to the fact that Welker was to give him the stock. At the last of the case one of the jurors evidently became curious as to why this note was given, but the explanation was not satisfactory. Moreover, defendant never asked for possession of the stock, nor for the return of the note. The stock was held by Welker as collateral to the note and the conclusion of the jury is to my mind very clearly against the weight of evidence.

It is not probable that Welker was to organize this corporation and give to Wooster six-twentieths of the stock, nearly one-third thereof, as a present. Wooster, the defendant, was working for the Federal Refining Company and frankly said that he could not give much time to this enterprise and he could merely supervise to an extent. It is very clear that Welker was not giving that stock to the defendant. On the other hand, it is perfectly clear that this was a joint enterprise. While Welker was to advance $6,000, the defendant was to give his note for it and the stock was to be held as collateral. They both expected to make money out of it. The enterprise, however, failed. Welker paid all the debts and closed it up and the defendant is clearly liable upon this note.

There is another question in the case, upon an exception taken to the charge. The defendant swears that a corporation was to be formed with $20,000 in stock, and he was to have six-twentieths, for which he was to be paid $6,000 by Welker. The corporation was in fact organized with $40,000 in stock, but the defendant did in fact receive six-twentieths, or $12,000 in stock for which $6,000 was in fact paid. Now the defendant swore that this was to be paid-up stock. The defendant's counsel asked the court to charge that " if the jury find that the assignor of the plaintiff, Mr. Welker, agreed to give Mr. Wooster full paid stock, then their verdict must be for the defendant, as it is the undisputed evidence in this case that the stock was not full paid

stock but was only half paid stock." This was charged and an exception taken. This was clearly erroneous. It makes no difference under this contract whether the face value of the stock was paid for it. Full-paid stock means stock upon which no further payments can be demanded by the company, and Fred Welker swears that this company was organized with an authorized capital stock of $40,000 and it was "issued on a 50 per cent paid up basis." This was a Canada corporation. This evidence was taken upon commission so that the defendant had full notice of this evidence before the trial. If there were any law of Canada which would declare this not full-paid stock, he had the right to show it, but did not. In view of the evidence of Welker that it was issued " on a 50 per cent paid up basis," and without any contradiction of such evidence, it is established that this was full-paid stock, and this request to charge was improperly granted, and this to my mind is the secret of this verdict.

The judgment and order should be reversed on law and fact and a new trial granted, with costs to appellant to abide the event. The finding of fact that this note was given without consideration is reversed.

DOWLING and MERRELL, JJ., concurred; PAGE and SHEARN, JJ., dissented.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.