■ Nancy Duran et al., Respondents, v Julius J. Heller et al., Respondents. (Action No. 1.) Frank J. Mammola et al., Appellants, v Julius J. Heller et al., Respondents. (Action 2.) Frank J. Mammola et al., Appellants, v John A. Magnotta

et al., Respondents. (Action No. 3.) [610 NYS2d 562] —In related actions to recover damages for personal injuries, Frank J. Mammola and Mary J. Mammola appeal, as limited by their brief, from stated portions of a judgment of the Supreme Court, Westchester County (Coppola, J.), entered August 14, 1991, which, *inter alia,* upon a jury verdict (1) is in favor of Julius J. Heller and against Mary Mammola in Action No. 2 on the issues of compensatory and punitive damages, (2) is in favor of Nancy Duran and against Mary Mammola in Action No. 3 on the issue of liability, (3) is in favor of John Magnotta and against Mary Mammola on the issue of punitive damages, and (4) is against John Magnotta and in favor of the appellants for compensatory damages in the principal sum of only $18,600, on the ground of inadequacy.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

These consolidated actions to recover damages for motor vehicle negligence and dram shop liability arose when Julius J. Heller, who was intoxicated, drove southbound in the northbound lanes of the Taconic State Parkway and hit an automobile driven by Nancy Duran, causing her to hit an automobile driven by Mary J. Mammola. Both Nancy Duran and Mary Mammola sustained injuries as a result of the accident. The evidence adduced at trial established that prior to the accident, Heller had been drinking alcoholic beverages at a restaurant owned by John Magnotta.

After trial, the jury rendered special verdicts finding, *inter alia,* Julius Heller 75% at fault for the happening of the accident, and John Magnotta 25% at fault. The jury found Nancy Duran free of fault. However, based upon the jury's verdict that Mary J. Mammola had not sustained a "serious injury" as defined by Insurance Law § 5102 (d), judgment was entered against her and in favor of Heller. The Mammolas' motion to set aside the verdict as against the weight of the evidence was denied.

Contrary to the Mammolas' contention, the jury's determination that Mary Mammola did not sustain a "serious injury" within the meaning of Insurance Law § 5102 (d) is supported by a fair interpretation of the evidence. Moreover, the jury's conclusion that Nancy Duran was not negligent is also supported by a fair interpretation of the evidence.

The Mammolas also claim that the jury's award of punitive damages to the other plaintiff, Nancy Duran, but not to Mary

J. Mammola, was inconsistent. This claim, however, was not raised before the trial court discharged the jury, and as a result, the trial court had no opportunity to address the claim, or to take any corrective action. Accordingly, this claim was not preserved for appellate review (see, Barry v Manglass, 55 NY2d 803).

The Mammolas' remaining contentions are either unpreserved for appellate review, without merit, or not properly before this Court for review since they are raised for the first time in the Mammolas' reply brief. The claims by the respondent John Magnotta that a new trial should be had on the issue of liability are not properly before this Court for review since he did not cross-appeal. Thompson, J. P., Rosenblatt, Ritter and Santucci, JJ., concur.