■ KAY LeRoy, Respondent-Appellant, v WARNER LeRoy, Appellant-Respondent. [712 NYS2d 33] —Judgment, Supreme Court, New York County (Walter Tolub, J.), entered October 13, 1999, which, upon a jury verdict of cruel and inhuman treatment against defendant and upon a non-jury trial of economic issues, *inter alia*, dissolved the parties' marriage and distributed the marital assets between them, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of denying defendant's motion to apply for any reduction of payments resulting from the impact of possible taxes, and otherwise affirmed, without costs.

Defendant husband's principal appellate contention is that the trial court erred when it deemed some $19.5 million in assets, alleged by defendant to be his separate property, part of the marital estate and subject to equitable distribution. The law, however, favors the inclusion of property within the marital estate (*compare*, Domestic Relations Law § 236 [B] [1] [c] and [d]; *see, Burns v Burns*, 84 NY2d 369, 374; *Majauskas v Majauskas*, 61 NY2d 481, 489), and, accordingly, "the party seeking to establish that a particular item is indeed separate property bears the burden of proof" (*Seidman v Seidman*, 226 AD2d 1011, 1012; *see also, Heine v Heine*, 176 AD2d 77, 83, *lv denied* 80 NY2d 753). Defendant failed to meet this burden by

advancing, through an expert, the unsubstantiated theory that, although his separate funds were, in the course of the parties' 30-year marriage, commingled with marital assets in much larger amounts, the separate funds were nonetheless invariably used to purchase items of lasting value while the marital funds were, with equal invariability, consumed for family expenditures.

With respect to plaintiff wife's cross appeal, it cannot be said that the 40 percent distributive share of the marital assets that she was awarded is inequitable when viewed in conjunction with the trial court's award to her of lifetime maintenance. However, since plaintiff has been accorded only 40 percent of the marital property, any further reduction of defendant's payment obligations, even due to the possible impact of taxes, is, under the circumstances of this case, unwarranted.

We have considered the parties' numerous remaining arguments for affirmative relief and find them all unavailing. Concur—Nardelli, J. P., Ellerin, Lerner, Buckley and Friedman, JJ.