◼ ROCHELLE GRUNFELD, Respondent, v HAROLD M. GRUN-FELD, Appellant. [722 NYS2d 513] —Order, Supreme Court, New York County (Walter Tolub, J.), entered March 7, 2000, which, *inter alia*, treated two securities accounts in defendant's name as marital property, unanimously affirmed, without costs.

Defendant's claim that the two accounts are his separate property was properly rejected in the absence of evidence satisfying his burden of identifying the sources of his contributions thereto, or otherwise distinguishing his alleged separate property from marital property (*see, LeRoy v LeRoy*, 274 AD2d 362). Defendant's vague and general references to contributions made from his professional and personal accounts are not supported by evidentiary proof, and do not raise any genuine issues of fact warranting a hearing. Defendant has had ample opportunity to adduce such proof. Concur—Williams, J. P., Tom, Lerner and Buckley, JJ.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD MUNDY, Appellant. [722 NYS2d 514] —Judgment, Supreme Court, New York County (Laura Drager, J., at initial plea; John Cataldo, J., at second plea and sentence), rendered January 5, 1999, convicting defendant of criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Defendant claims that, due to the People's allegedly unreasonable delay in ascertaining his second felony offender status, he was entitled to be sentenced, as originally promised, to a term of 1 year. This claim was waived when, upon the People's discovery of his prior felony convictions, defendant accepted a renegotiated plea and sentence. In any event, since defendant was, in fact, a second felony offender a sentence of 1 year would have been illegal and the court would have had no authority to impose such a sentence (*People v Scarbrough*, 66 NY2d 673). Defendant's remaining contentions, including those contained in his *pro se* supplemental brief, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Rosenberger, J. P., Williams, Tom, Lerner and Buckley, JJ.