■ ROBERT HAYNES, Appellant, v GAIL C. TOMA, Respondent. [751 NYS2d 771] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Blydenburgh, J.), dated May 22, 2002, as, after a nonjury trial, found that a $40,000 advance from the plaintiff's father was marital property, and distributed to the defendant 50% of a Lehman Brothers account, or $7,438.

Ordered that the judgment is modified by deleting the provision thereof distributing 50% of the Lehman Brothers account; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff contends that the Supreme Court erred in finding that a $40,000 advance from the plaintiff's father for a down payment on the marital residence was a gift to both parties. The plaintiff asserts that the money was a loan to him alone. However, the defendant failed to meet his burden of proving that the $40,000 was separate property, and the Supreme Court properly found it to be marital property subject to equitable distribution (*see Fuegel v Fuegel,* 271 AD2d 404; *Pauk v Pauk,* 232 AD2d 386; *Strang v Strang,* 222 AD2d 975; *Icart v Icart,* 186 AD2d 918; *Ackley v Ackley,* 100 AD2d 153).

Based upon the concession by counsel for the defendant, the Supreme Court improperly distributed the Lehman Brothers

account. The parties agree that the account was cashed in and used for marital purposes rather than for the plaintiff's personal needs. Accordingly, the judgment must be modified as provided herein. Florio, J.P., Feuerstein, McGinity and Schmidt, JJ., concur.