■ CHRISTINE SHERMAN, Respondent, v CHARLES SHERMAN, Appellant. [758 NYS2d 667] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Skelos, J.), entered August 24, 2001, which, after a nonjury trial, inter alia, awarded the plaintiff child support in the sum of $561.42 per week retroactive to April 26, 1999, and a special attorney's fee in the sum of $4,500, and failed to equitably distribute a certain joint Merrill Lynch account, and the plaintiff cross-appeals, as limited by her brief, from so much of the same judgment as failed to award child support retroactive to the date of the commencement of the instant action.

Ordered that the judgment is modified, on the law and the facts, (1) by deleting from the third decretal paragraph the words "commencing on April 26, 1999" and substituting therefor the words "commencing on April 19, 1995," (2) by deleting from the sixth decretal paragraph the words "in the amount of $4,500" and substituting therefor the words "in the amount of $3,000," and (3) by adding a paragraph awarding the defendant the sum of $5,276 as a credit for one-half the balance of the joint Merrill Lynch account, with interest from April 19, 1995; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The Supreme Court erred in determining that the parties joint Merrill Lynch account, valued at $10,552, was the plaintiff's separate property. Separate property can be transmuted into marital property when the actions of the titled spouse demonstrate his or her intent to transform the character of the property from separate to marital (see Imhof v Imhof, 259 AD2d 666 [1999]). Here, although the account was opened with the plaintiff's separate money, it can be inferred that the plaintiff intended the money to be marital property by leaving it in the joint account for over nine years and commingling it with money she earned during the marriage (see Schmidlapp v Schmidlapp, 220 AD2d 571 [1995]). Accordingly, the defendant is entitled to a credit of $5,276 with interest thereon from April 19, 1995, the date this action was commenced. The matter must be remitted to the Supreme Court, Nassau County, for a calculation of interest consistent herewith.

Further, the defendant correctly contends that the special award of an attorney's fee should be reduced from $4,500 to $3,000, the amount originally fixed by the Supreme Court.

The plaintiff is entitled to retroactive child support. By statute, child support should be awarded retroactive to the date an application for such support was made, which, in this case, was the date the action was commenced, April 19, 1995 (*see* Domestic Relations Law § 236 [B] [7] [a]; *Burns v Burns,* 84 NY2d 369, 377 [1994]; *Harris-Logan v Logan,* 228 AD2d 557 [1996]). Accordingly, upon remittitur, the Supreme Court, Nassau County, must calculate the amount of retroactive child support less the amount paid by the defendant pursuant to the pendente lite order dated November 1, 1995 (*see Ferraro v Ferraro,* 257 AD2d 598 [1999]; *Verdrager v Verdrager,* 230 AD2d 786 [1996]), and whether payment of any arrears due should be made in a lump sum or periodic sums (*see* Domestic Relations Law § 236 [B] [7] [a]).

The defendant's remaining contentions are without merit. Florio, J.P., Feuerstein, McGinity and Schmidt, JJ., concur.