■ JANE WADE, Respondent, v SHELDON STEINFELD, Appellant. [790 NYS2d 64]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Sgroi, J.), entered April 25, 2003, as, after a nonjury trial, (1) awarded the plaintiff a credit for her separate property contribution of $117,000 towards the purchase of the parties' marital residence, (2) determined that his entire early retirement incentive was marital property, (3) failed to award him any portion of the plaintiff's law license, (4) directed him to pay lifetime maintenance to the plaintiff, and (5) awarded the plaintiff an attorney's fee in the sum of $50,000.

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion (1) by deleting from the eleventh decretal paragraph the words "the sum of $50,000" and substituting therefor the words "the sum of $29,092," and (2) by deleting the third decretal paragraph thereof and substituting therefor the following decretal paragraph:

"Ordered, adjudged and decreed that the plaintiff is awarded one half of the marital portion of the defendant's interest in the defendant's retirement benefits with the New York State Teacher's Retirement System, pursuant to and in accordance with the decision after trial dated February 7, 2003, amended to reflect a payment received by the defendant on June 30, 2000 of $99,514.30 of which $10,047.70 represented the defendant's unused vacation time that accrued after the action was commenced and not subject to equitable distribution"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly determined that the plaintiff was entitled to a credit of $117,000 prior to the distribution of the proceeds from the sale of the marital residence. The plaintiff overcame the presumption that she intended to commingle her funds by depositing them for three days in the parties' joint account (see Banking Law § 675 [b]; McGarrity v McGarrity, 211 AD2d 669, 671 [1995]; cf. Sherman v Sherman, 304 AD2d 744 [2003] [money commingled in joint account for nine years]; Pauk v Pauk, 232 AD2d 386, 390 [1996] [separate funds placed in joint account for over one year]; Krinsky v Krinsky, 208 AD2d 599, 600 [1994] [presumption can be refuted by showing joint account was a matter of convenience]). Accordingly, the plaintiff was entitled to this credit reflecting the investment of her separate funds into the marital residence (see Gonzalez v Gonzalez, 291 AD2d 373, 374 [2002]).

However, the Supreme Court erred in determining that the defendant's entire early retirement incentive was subject to equitable distribution. The record demonstrates that the defendant accrued credit for vacation time after commencement of this action, which his brief on appeal commendably concedes is $10,047.70. This represents 26 days of vacation accruals that were included in his early retirement incentive but should have been excluded from equitable distribution.

In considering the equities and circumstances of this particular case, and the relative merits of the parties' contentions and their respective financial positions, the court should have awarded an attorney's fee to the plaintiff of only one half of the unpaid balance, or $29,092 (*see* Domestic Relations Law § 237 [a]; *O'Shea v O'Shea,* 93 NY2d 187, 193 [1999]; *Matter of Mullen v Just,* 288 AD2d 476, 477 [2001], *lv denied* 97 NY2d 613 [2002], *cert denied* 537 US 820 [2002]).

The defendant's remaining contentions are without merit.

The plaintiff's contentions concerning the omission from equitable distribution of certain assets are not considered since she did not appeal. Schmidt, J.P., Santucci, Crane and Skelos, JJ., concur.