■ SUSAN CRESCIMANNO, Appellant, v CHARLES CRESCIMANNO, Respondent. [822 NYS2d 310]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her notice of appeal and brief, from so much of a judgment of the Supreme Court, Suffolk County (Kent, J.), entered May 16, 2005, as, after a nonjury trial, awarded the defendant a separate property credit in the sum of $214,243.27, to be paid from the proceeds of the sale of the marital residence.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the equitable distribution of the sum of $214,243.27, representing the amount awarded as a separate property credit.

The proceeds from an action to recover damages for personal injuries are considered separate property (*see* Domestic Relations Law § 236 [B] [1] [d] [2]; *Chamberlain v Chamberlain*, 24 AD3d 589, 593 [2005]). However, separate property that is commingled, for example, in a joint bank account, loses its character of separateness and a presumption arises that each party is entitled to a share of the funds (*see* Banking Law § 675 [b]; *Sherman v Sherman*, 304 AD2d 744 [2003]; *Di Nardo v Di Nardo*, 144 AD2d 906, 907 [1988]). That presumption, however, may be overcome by clear and convincing evidence, either direct or circumstantial, that the account was created only as a matter of convenience (*see Chamberlain v Chamberlain, supra; Wade v Steinfeld*, 15 AD3d 390 [2005]).

Here, the defendant opened a joint savings account with the plaintiff into which they deposited a check that was payable to both of them representing the proceeds from a settlement of the

defendant's personal injury lawsuit. The next day, the defendant transferred the funds from that account into a joint checking account from which checks were drawn to satisfy certain marital debts, including a loan from the defendant's mother for the down payment on the marital residence and a private purchase money mortgage on that property. The defendant failed to rebut the presumption that the funds were transmuted into marital property by establishing that the account was created only as a matter of convenience without the intention of creating a beneficial interest (*see Chamberlain v Chamberlain, supra*). Thus, the funds did not retain the character of separate property (*see Sherman v Sherman, supra*).

Accordingly, the defendant should not have received a property credit in the sum of $214,243.27 (*see Haynes v Toma,* 300 AD2d 357 [2002]; *Fuegel v Fuegel,* 271 AD2d 404, 405 [2000]; *Pauk v Pauk,* 232 AD2d 386, 390 [1996]), and we remit the matter to the Supreme Court, Suffolk County, for the equitable distribution of that sum. Santucci, J.P., Krausman, Mastro and Skelos, JJ., concur.