■ CAROL A. SIGNORILE, Appellant-Respondent, v WILLIAM SIGNORILE, Respondent-Appellant. [958 NYS2d 476]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (St. George, J.), entered January 24, 2011, as, upon a decision of the same court dated June 21, 2010, made after a nonjury trial, awarded the defendant 90% of a certain personal injury award as his separate property, denied her request for maintenance, imputed income to her, and directed her to pay the sum of $144.25 per week in child support and the sum of $9,819.38 in child support arrears, and the defendant cross-appeals from the same judgment.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The cross appeal must be dismissed as abandoned (*see Sirma v Beach*, 59 AD3d 611, 614 [2009]; *Ellner v Schwed*, 48 AD3d 739, 740 [2008]; *Matter of Goldweber & Hershkowitz v Digsby*, 32 AD3d 853, 854 [2006]), as the brief filed by the defendant does not seek reversal or modification of any portion of the judgment.

The Supreme Court correctly concluded that 90% of a certain personal injury award was the defendant's separate property, even though he placed those funds in an account titled jointly with the plaintiff. The proceeds of an action to recover damages for personal injuries are the separate property of the injured spouse (*see* Domestic Relations Law § 236 [B] [1] [d] [2]; *Chamberlain v Chamberlain*, 24 AD3d 589 [2005]; *Gundlach v Gundlach*, 223 AD2d 942 [1996]). When spouses hold property in a joint account, however, a rebuttable presumption arises that both have an undivided one-half interest in it (*see* Banking Law § 675 [b]; *Chamberlain v Chamberlain*, 24 AD3d at 593; *Tayar v Tayar*, 208 AD2d 609, 610 [1994]). Thus, by depositing the proceeds of his personal injury lawsuit in an account titled jointly with the plaintiff, the defendant created the presumption that the funds were marital (*see Lagnena v Lagnena*, 215 AD2d 445, 446 [1995]; *Di Nardo v Di Nardo*, 144 AD2d 906 [1988]). This presumption may be overcome, however, by evidence that the account was titled jointly as a matter of convenience, without the intention of creating a beneficial interest, and that the funds in the account originated solely as separate property of the spouse who claims the separate interest (*see Chamberlain v Chamberlain*, 24 AD3d at 593; *Wade v Steinfeld*, 15 AD3d 390, 391 [2005]; *Giuffre v Giuffre*, 204 AD2d 684, 685 [1994]). Here, the defendant overcame the presumption that he intended to commingle his funds by establishing that he deposited them in the parties' joint account for only a few days, and then removed the funds and placed them into an account in his name only (*see* Banking Law § 675 [b]; *Wade v Steinfeld*, 15 AD3d at 391; *McGarrity v McGarrity*, 211 AD2d 669, 671 [1995]).

"[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts" (*Wortman v Wortman*, 11 AD3d 604, 606 [2004]; *see DiBlasi v DiBlasi*, 48 AD3d 403, 404 [2008]; *Griggs v Griggs*, 44 AD3d 710, 711 [2007]). " 'In determining the appropriate amount and duration of maintenance, the court is required to consider, among other factors,

the standard of living of the parties during the marriage and the present and future earning capacity of both parties' " (*DiBlasi v DiBlasi*, 48 AD3d at 404, quoting *Haines v Haines*, 44 AD3d 901, 902 [2007]; *see* Domestic Relations Law § 236 [B] [6] [a]).

Considering, among other factors, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, and the ability of the plaintiff to become self-supporting (*see* Domestic Relations Law § 236 [B] [6]; *Kelly v Kelly*, 69 AD3d 577, 578-579 [2010]; *Meccariello v Meccariello*, 46 AD3d 640, 641-642 [2007]), the Supreme Court providently exercised its discretion in denying the plaintiff an award of spousal maintenance (*see Dellafiora v Dellafiora*, 38 AD3d 825, 826 [2007]; *Almeda v Hopper*, 2 AD3d 471 [2003]).

A court need not rely upon a party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated future potential earnings (*see Brown v Brown*, 239 AD2d 535 [1997]). The level of child support is determined by the parents' ability to provide for their children rather than their current economic situation (*see Gorelik v Gorelik*, 71 AD3d 730, 731 [2010]; *Matter of Zwick v Kulhan*, 226 AD2d 734, 734 [1996]). Here, the Supreme Court properly imputed an annual income of $30,000 to the plaintiff based upon the evidence at trial (*see Gorelik v Gorelik*, 71 AD3d at 731).

The plaintiff did not raise the issue of attorneys' fees in the Supreme Court, and the issue is thus not properly before this Court (*see Wexelbaum v Jean*, 80 AD3d 756, 758 [2011]; *Willsey v Gjuraj*, 65 AD3d 1228, 1231 [2009]; *Green Apple Mgt. Corp. v Aronis*, 55 AD3d 669 [2008]).

The plaintiff's remaining contentions are without merit. Dillon, J.P., Balkin, Chambers and Hall, JJ., concur.