█ HELEN RENCK, Respondent, v GARY RENCK, Appellant. [17 NYS3d 431]—

Appeals from (1) a decision and order (one paper) of the Supreme Court, Westchester County (Sam D. Walker, J.), dated December 10, 2010, and (2) a judgment of the same court dated November 1, 2012. The decision and order, made after a nonjury trial, inter alia, determined the parties' motion and cross motion for certain relief. The judgment, insofar as appealed from, among other things, (a) after a hearing, awarded the plaintiff a divorce on the ground of constructive abandonment, (b) upon the decision and order, awarded the plaintiff child support in the sum of $2,410 per month and net credits in the sum of $158,210 against the defendant's share of equitable distribution, and directed the defendant to pay 55% of the non-reimbursed medical and educational expenses for the parties' children, and (c), pursuant to a forensic evaluation dated October 4, 2012, awarded the plaintiff 50% of certain proceeds the defendant removed from his Washington Mutual savings account.

Ordered that the appeal from the decision and order dated December 10, 2010, is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the facts, by deleting the provision thereof awarding the plaintiff net credits in the sum of $158,210 against the defendant's share of equitable distribution and substituting therefor a provision awarding the plaintiff net credits in the sum of $136,181.75 against the defendant's share of equitable distribution; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The appeal from the decision and order dated December 10, 2010 must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the decision and order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

In a decision and order dated December 10, 2010, made after a nonjury trial in this matrimonial action, the Supreme Court mistakenly stated that an inquest on the grounds for divorce had been conducted and that an order had been entered awarding a divorce on the ground of constructive abandonment. Thereafter, the defendant cross-moved to dismiss the complaint on the ground that no inquest had in fact been held. In an order dated October 4, 2011, the court, in effect, denied the cross motion and directed the parties to appear for an inquest on the grounds for divorce. Before that inquest was conducted, the defendant moved for leave to reargue and renew his cross motion to dismiss the complaint on the newly asserted ground that, prior to the nonjury trial, the plaintiff had not complied with certain pretrial procedural requirements.

The inquest on the grounds for divorce was conducted on November 1, 2011. At the inquest, the plaintiff testified about the facts underlying her allegation that the defendant had constructively abandoned her. The defendant's attorney "consented" to those grounds, but reserved the defendant's right to appeal the orders already made and did not withdraw the motion for leave to reargue and renew the cross motion to dismiss the complaint. At the conclusion of the inquest, the Supreme Court found that the plaintiff had established that the defendant had constructively abandoned the plaintiff.

In an order dated January 18, 2012, the Supreme Court denied the defendant's motion for leave to reargue and renew his cross motion. As to reargument, the court held that the grounds asserted had not been raised earlier and were therefore improper in a motion for leave to reargue. As to renewal, the court held that the defendant had not submitted

any new facts or new law that would have changed its prior determination of the cross motion. Specifically, the court held that the defendant had not raised the procedural violation for more than one year after it had allegedly occurred and, in any event, had not demonstrated that he suffered any prejudice from the minor violation.

Thereafter, the Supreme Court entered a judgment which, among other things, awarded the plaintiff a divorce on the ground of constructive abandonment, child support in the sum of $2,410 per month, and net credits in the sum of $158,210 against the defendant's share of equitable distribution, directed the defendant to pay 55% of the non-reimbursed medical and educational expenses of the parties' children, and, pursuant to a forensic evaluation dated October 4, 2012, awarded the plaintiff 50% of certain proceeds the defendant removed from his Washington Mutual savings account. The defendant appeals.

While the defendant argues on appeal that the plaintiff did not establish constructive abandonment, he did not contest the plaintiff's proof offered at the inquest. In any event, contrary to the defendant's contention, the plaintiff established that the defendant constructively abandoned her (*see Meccariello v Meccariello*, 46 AD3d 640, 641 [2007]). Moreover, the court properly denied the defendant's cross motion to dismiss the complaint and his subsequent motion to renew that cross motion (*see* Domestic Relations Law § 236 [B] [1], [5] [a]; CPLR 2001).

Child support is determined by a parent's ability to provide for his or her child rather than his or her current economic situation (*see Signorile v Signorile*, 102 AD3d 949, 951 [2013]; *Gorelik v Gorelik*, 71 AD3d 730, 731 [2010]). Thus, a court need not rely upon a party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated future potential earnings (*see Signorile v Signorile*, 102 AD3d 949 [2013]; *Gorelik v Gorelik*, 71 AD3d 730 [2010]; *Brown v Brown*, 239 AD2d 535 [1997]). Here, the Supreme Court properly imputed an income of $124,108.31 per year to the defendant, an attorney, based upon his 2009 W-2 and other evidence adduced at the trial (*see Signorile v Signorile*, 102 AD3d at 951; *see Gorelik v Gorelik*, 71 AD3d at 731; *Brown v Brown*, 239 AD2d 535 [1997]).

The proceeds from an inheritance are considered separate property (*see* Domestic Relations Law § 236 [B] [1] [d] [1]), but may become marital property if commingled in, for example, a joint account (*see* Banking Law § 675 [b]; *cf. Crescimanno v Crescimanno*, 33 AD3d 649, 649-650 [2006]; *Sherman v Sher-*

*man*, 304 AD2d 744, 744 [2003]). To overcome a presumption that commingled property is marital property, the party asserting that the property is separate must establish by clear and convincing evidence that the property originated solely as separate property and the joint account was created only as a matter of convenience, without the intention of creating a beneficial interest (*see Signorile v Signorile*, 102 AD3d at 950; *Crescimanno v Crescimanno*, 33 AD3d at 649-650; *Chamberlain v Chamberlain*, 24 AD3d 589, 593 [2005]). Here, the Supreme Court correctly determined that certain funds inherited by the defendant from his parents constituted marital property after being commingled with marital assets (*see Litvak v Litvak*, 63 AD3d 691, 693 [2009]; *Crescimanno v Crescimanno*, 33 AD3d at 649-650; *Sherman v Sherman*, 304 AD2d at 744). Moreover, the defendant failed to establish that he was entitled to a credit for the portion of those funds which were used to pay down the mortgage on the parties' residence (*see LeRoy v LeRoy*, 274 AD2d 362, 362-363 [2000]).

Marital property is all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action, regardless of the form in which title is held (*see* Domestic Relations Law § 236 [B] [1] [c]). Marital property must be distributed equitably between the parties, taking into account the circumstances of the case and of the respective parties (*see* Domestic Relations Law § 236 [B] [5] [c]). " 'The trial court is vested with broad discretion in making an equitable distribution of marital property, and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed' " (*Bernard v Bernard*, 126 AD3d 658, 658-659 [2015], quoting *Saleh v Saleh*, 40 AD3d 617, 617-618 [2007]; *see Aloi v Simoni*, 82 AD3d 683, 685 [2011]). Here, the Supreme Court providently exercised its discretion with regard to the equitable distribution of the parties' individual bank accounts, which were funded with the proceeds from a joint account that the defendant unilaterally decided to divide.

In determining an equitable disposition of property the court must consider, inter alia, the wasteful dissipation of assets by either party (*see* Domestic Relations Law § 236 [B] [5] [d] [12]; *Wilner v Wilner*, 192 AD2d 524, 525 [1993]). A spouse who alleges that the other engaged in waste and dissipation of marital assets bears the burden of establishing that conduct by a preponderance of the evidence (*see Heymann v Heymann*, 102 AD3d 832, 834 [2013]; *Epstein v Messner*, 73 AD3d 843, 846 [2010]; *Raynor v Raynor*, 68 AD3d 835, 838 [2009]). Here, the

Supreme Court properly determined that the plaintiff met her burden of proving by a preponderance of the evidence that the defendant committed wasteful dissipation of marital assets with regard to a certain investment account. The court also properly determined that the defendant failed to meet his burden of proving by a preponderance of the evidence that the plaintiff committed wasteful dissipation of marital assets by delaying the sale of the marital home (*see Alleva v Alleva*, 112 AD3d 567, 569 [2013]; *Epstein v Messner*, 73 AD3d at 846).

"Although the manner in which marital property is distributed falls within the discretion of the trial court, the initial determination of whether a particular asset is marital or separate property is a question of law, subject to plenary review on appeal" (*Fields v Fields*, 15 NY3d 158, 161 [2010] [internal quotation marks omitted]; *see DeJesus v DeJesus*, 90 NY2d 643, 647 [1997]). Domestic Relations Law § 236 creates a presumption that all property, unless clearly separate, is deemed marital property and that the burden rests with the titled spouse to rebut that presumption (*see Fields v Fields*, 15 NY3d at 165). The defendant contends that the Supreme Court erred when it directed that a forensic accounting be conducted to determine whether $73,279.25, which was withdrawn from a Washington Mutual account funded with proceeds from stock options which derived from the defendant's employment with Hewlett Packard, was marital property (*see id.* at 166-167). However, the defendant failed to rebut the presumption that the $73,279.25 was marital property. Thus, regardless of whether the court erred in directing that a forensic evaluation of the account be conducted to determine to what extend the account was funded with martial assets, and in relying on that evaluation after the trial was complete, the proceeds from that account were properly deemed marital property. Moreover, contrary to the defendant's contention, the parties did not stipulate that the account was his separate property.

The defendant's contention that he should immediately receive certain separate personal property that he failed to retrieve from storage, or that he is entitled to receive a credit in the amount of $200,000 as compensation for the plaintiff's failure to return that property, is without merit.

The defendant contends that the Supreme Court erred in granting, during the course of the litigation, the plaintiff's oral application to extend the term of the parties' pendente lite stipulation. However, that determination may not be reviewed on the appeal from the judgment of divorce (*see Badwal v Badwal*, 126 AD3d 736, 737 [2015]; *Anderson v Anderson*, 50 AD3d 610, 610 [2008]; *Samuelsen v Samuelsen*, 124 AD2d 650, 652 [1986]).

The defendant correctly contends that he is entitled to a credit of $22,028.25, which was described in the Supreme Court's posttrial decision and order but was not included in the judgment of divorce.

The defendant's contentions raised for the first time in his reply brief are not properly before this Court (*see Duran v Heller*, 203 AD2d 414, 416 [1994]).

We decline the plaintiff's request for the imposition of sanctions (*see* 22 NYCRR 130-1.1 [c]).

The parties' remaining contentions are without merit. Mastro, J.P., Balkin, Chambers and Maltese, JJ., concur.

Motion by the respondent on appeals from a decision and order (one paper) of the Supreme Court, Westchester County, dated December 10, 2010, and a judgment of the same court dated November 1, 2012, inter alia, to strike Points I and XI of the appellant's brief on the ground that they raise issues that are not properly before this Court. By decision and order on motion of this Court dated November 20, 2013, that branch of the motion which is to strike Points I and XI of the appellant's brief was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the branch of the motion which is to strike Points I and XI of the appellant's brief is denied. Mastro, J.P., Balkin, Chambers and Maltese, JJ., concur.