Candea v Candea (2019 NY Slip Op 04349)





Candea v Candea


2019 NY Slip Op 04349


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-04329
 (Index No. 2310/15)

[*1]Toni Candea, respondent-appellant,
v
Robert E. Candea, Jr., appellant-respondent.


Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis of counsel), for appellant-respondent.
Mark D. Stern, Goshen, NY, for respondent-appellant.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals, and the plaintiff cross-appeals, from a judgment of divorce of the Supreme Court, Orange County (Elaine Slobod, J.), dated March 24, 2017. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated December 13, 2016, made after a nonjury trial, awarded the plaintiff maintenance in the sum of $2,133 per month, awarded the plaintiff child support in the sum of $4,313 per month, directed that the marital home be sold and the net proceeds divided equally between the parties, directed that the defendant provide health insurance for the parties' children, awarded the plaintiff a separate property credit in the sum of $51,895 related to her inheritance of certain funds and directed the defendant to transfer to her one-half of that sum, and directed that the proceeds of the sale of certain shares of stock be equally divided between the parties. The judgment of divorce, insofar as cross-appealed from, awarded the plaintiff maintenance in the sum of only $2,133 per month for a period of only seven years, awarded the plaintiff a separate property credit in the sum of only $51,895 related to her inheritance of certain funds, and denied the plaintiff's application for an award of $25,000 in counsel fees.
ORDERED the judgment of divorce is modified, on the law, (1) by deleting the provisions thereof awarding the plaintiff a separate property credit in the sum of $51,895 related to her inheritance of certain funds and directing the defendant to transfer to her one-half of that sum, and (2) by adding thereto a provision deducting from the defendant's basic child support obligation a sum equal to the plaintiff's pro rata share of the cost of maintaining health insurance for the parties' children; as so modified, the judgment of divorce is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The parties were married in 1997, and are the parents of twin daughters born in 2003. The plaintiff commenced this action in March 2015. In June 2016, the parties entered into an in-court stipulation with regard to custody and parenting time. After a nonjury trial on the outstanding issues of child support, maintenance, and equitable distribution, the Supreme Court issued a decision dated December 13, 2016. The court subsequently entered a judgment of divorce dated March 24, 2017, which incorporated the parties' stipulation and referenced the December 13, 2016, decision. The defendant appeals from so much of the judgment of divorce as calculated child support based on his entire income over the statutory cap, awarded maintenance to the plaintiff for a period of [*2]seven years, directed him to provide health insurance for the children without prorating the cost between the parties, directed that the plaintiff receive a separate property credit in the sum of $51,895 related to her inheritance of certain funds, directed equitable distribution of the proceeds of the sale of certain shares of stock without directing that the parties share the tax liabilities resulting from the sale, and failed to direct that the defendant receive a credit for his payment of expenses related to the marital residence. The plaintiff cross-appeals from so much of the judgment of divorce as awarded her a separate property credit in the sum of only $51,895 as related to her inheritance of certain funds, awarded her maintenance in the sum of only $2,133 per month for a period of only seven years, and denied her application for an award of $25,000 in counsel fees.
The Child Support Standards Act "sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling" (Matter of Freeman v Freeman, 71 AD3d 1143, 1144; see Domestic Relations Law § 240[1-b][c]; Holterman v Holterman, 3 NY3d 1, 11; Matter of Cassano v Cassano, 85 NY2d 649, 653; Matter of Murray v Murray, 164 AD3d 1451, 1453). Where the combined parental income exceeds that ceiling, the court, in fixing the basic child support obligation on income over the ceiling, has the discretion to apply the factors set forth in Domestic Relations Law § 240(1-b)(f), or to apply the statutory percentages, or to apply both (see Domestic Relations Law § 240[1-b][c][3]; Matter of Cassano v Cassano, 85 NY2d at 655; Matter of Murray v Murray, 164 AD3d at 1453). The court must articulate an explanation of the basis for its calculation of child support based on parental income in excess of the statutory cap (see Matter of Cassano v Cassano, 85 NY2d at 655; Matter of Peddycoart v MacKay, 145 AD3d 1081, 1084; McCoy v McCoy, 107 AD3d 857, 858; Wagner v Dunetz, 299 AD2d 347, 350). Such articulation should reflect a careful consideration of the stated basis for the court's exercise of discretion, the parties' circumstances, and the court's reasoning why there should or should not be a departure from the prescribed percentage (see Matter of Cassano v Cassano, 85 NY2d at 655; Matter of Peddycoart v MacKay, 145 AD3d at 1084; McCoy v McCoy, 107 AD3d at 858; Wagner v Dunetz, 299 AD2d at 350).
Here, the Supreme Court stated that it applied the child support percentage to the amount above the statutory cap primarily due to the defendant's considerable income and the standard of living to which the children were accustomed. Under the circumstances presented, the court providently exercised its discretion in applying the child support percentage to the parties' income over the statutory cap (see Matter of Santman v Schonfeldt, 159 AD3d 914, 915; Matter of Keith v Lawrence, 113 AD3d 615, 616; Iarocci v Iarocci, 98 AD3d 999, 1001).
"The amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts" (Culen v Culen, 157 AD3d 926, 928; see Gorman v Gorman, 165 AD3d 1067, 1069; Carroll v Carroll, 125 AD3d 710, 711). Where, as here, an action was commenced prior to the amendments to the Domestic Relations Law effective January 23, 2016 (see L 2015, ch 269, § 4), the factors to be considered include "the standard of living of the parties, the income and property of the parties, the distribution of property, the duration of the marriage, the health of the parties, the present and future earning capacity of the parties, the ability of the party seeking maintenance to be self-supporting, the reduced or lost earning capacity of the party seeking maintenance, and the presence of children of the marriage in the respective homes of the parties" (Gordon v Gordon, 113 AD3d 654, 655; see Domestic Relations Law former § 236[B][6][a]; Gorman v Gorman, 165 AD3d at 1069). Taking these factors into consideration, the Supreme Court providently exercised its discretion in awarding the plaintiff maintenance in the sum of $2,133 per month for a period of seven years (see Papakonstantis v Papakonstantis, 163 AD3d 839, 841; Culen v Culen, 157 AD3d at 928-929; Kaprov v Stalinsky, 145 AD3d 869, 874; Samimi v Samimi, 134 AD3d 1010, 1010).
The defendant's contention that the Supreme Court should have given him a credit against the net proceeds of the sale of the marital residence, inter alia, for post-commencement mortgage payments made by him, is without merit, as the parties agreed that the marital residence would be sold and the net proceeds divided equally between them (cf. Palumbo v Palumbo, 10 AD3d 680, 681-682).
Although we agree with the Supreme Court's direction that the defendant maintain health insurance for the benefit of the parties' children, the court should have directed that the plaintiff's pro rata share of such costs be deducted from the defendant's basic child support obligation (see Domestic Relations Law § 240[1-b][c][5][ii]; Bauman v Bauman, 132 AD3d 791, 793; Rzepecki v Rzepecki, 6 AD3d 1134, 1135).
The proceeds from an inheritance are separate property (see Domestic Relations Law § 236[B][1][d][1]; Renck v Renck, 131 AD3d 1146, 1148). However, where separate property has been commingled with marital property, for example in a joint bank account, there is a presumption that the commingled funds constitute marital property (see Renck v Renck, 131 AD3d at 1148; Signorile v Signorile, 102 AD3d 949, 950; Crescimanno v Crescimanno, 33 AD3d 649, 649). This presumption may be overcome by evidence that the funds were deposited into the joint account as a matter of convenience, without the intention of creating a beneficial interest (see Renck v Renck, 131 AD3d at 1149; Signorile v Signorile, 102 AD3d at 950; Crescimanno v Crescimanno, 33 AD3d at 649).
Here, by depositing inherited funds into accounts titled jointly with the defendant, the plaintiff created the presumption that the funds were marital (see Renck v Renck, 131 AD3d at 1149; Signorile v Signorile, 102 AD3d at 950; Crescimanno v Crescimanno, 33 AD3d at 649-650). Moreover, the plaintiff failed to rebut the presumption that the funds were transmuted into marital property, as she failed to establish that the funds were deposited into the parties' joint accounts only as a matter of convenience without the intention of creating a beneficial interest (see Brown v Brown, 147 AD3d 896, 897; Litvak v Litvak, 63 AD3d 691, 693; Crescimanno v Crescimanno, 33 AD3d at 650; LeRoy v LeRoy, 274 AD2d 362, 362-363). Further, the record fails to demonstrate a correlation between the inherited funds deposited into the parties' joint accounts and the subsequent purchase of certain gold coins and other precious metals (see Maddaloni v Maddaloni, 142 AD3d 646, 652; Saasto v Saasto, 211 AD2d 708, 709). Accordingly, the Supreme Court should not have awarded the plaintiff a separate property credit in the sum of $51,895 related to her inheritance of certain funds and directed the defendant to transfer to her one-half of that sum.
The defendant's contention that the Supreme Court should not have directed that the proceeds of the sale of certain shares of stock be divided equally between the parties without directing that the parties share the tax liability resulting from the sale is unpreserved for appellate review.
An award of counsel fees is a matter within the sound discretion of the trial court, taking into consideration the equities and circumstances of the particular case, including the parties' respective financial conditions and the relative merit of their positions (see Domestic Relations Law § 237[a]; Johnson v Chapin, 12 NY3d 461, 467; Papakonstantis v Papakonstantis, 163 AD3d at 842; Menkens v Menkens, 138 AD3d 1073, 1074; Szewczuk v Szewczuk, 107 AD3d 692, 693; Chaudry v Chaudry, 95 AD3d 1058, 1059). Here, considering the equities and circumstances of the case, including the parties' respective financial conditions, the Supreme Court providently denied the plaintiff's application for an award of $25,000 in counsel fees.
DILLON, J.P., CHAMBERS, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court