Vilca v Kim (2026 NY Slip Op 01088)

Vilca v Kim

2026 NY Slip Op 01088

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BARRY E. WARHIT, J.P.
HELEN VOUTSINAS
JAMES P. MCCORMACK
PHILLIP HOM, JJ.

2023-07401
 (Index No. 52367/16)

[*1]Raul Vilca, respondent, 
vNatalia Kim, appellant.

Sharova Law Firm, Brooklyn, NY (Yelena Sharova of counsel), for appellant.
Law Office of Towers & Associates, P.C., Brooklyn, NY (Geanine Towers of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an amended judgment of divorce of the Supreme Court, Kings County (Eric I. Prus, J.), dated July 12, 2023. The amended judgment of divorce, insofar as appealed from, upon a decision of the same court (Carolyn Mazzu Genovesi, Ct. Atty. Ref.) dated August 10, 2018, made after a nonjury trial, awarded the plaintiff a separate property credit in the sum of $226,557 with respect to the purchase of the marital residence and awarded the defendant maintenance in the sum of only $2,400 per month for a period of only one year.
ORDERED that the amended judgment of divorce is affirmed insofar as appealed from, with costs.
The parties were married in June 2011. In May 2016, the plaintiff commenced this action for a divorce and ancillary relief. Following a nonjury trial, inter alia, on the issues of equitable distribution of the marital property and maintenance, the Supreme Court issued a decision, and subsequently an amended judgment of divorce, among other things, awarding the plaintiff a separate property credit in the sum of $226,557 with respect to the purchase of the marital residence and awarding the defendant maintenance in the sum of $2,400 per month for a period of one year. The defendant appeals.
"Where a party contributes his or her separate property toward the purchase of a marital asset, such as a marital residence, the party should be given a credit for the amount so contributed prior to the equitable division of the asset" (Westreich v Westreich, 169 AD3d 972, 977; see Sinnott v Sinnott, 194 AD3d 868, 871). However, where separate property has been commingled with marital property, for example in a joint bank account, there is a presumption that the commingled funds constitute marital property (see Sinnott v Sinnott, 194 AD3d at 871; Signorile v Signorile, 102 AD3d 949, 950). "To overcome a presumption that commingled property is marital property, the party asserting that the property is separate must establish by clear and convincing evidence that the property originated solely as separate property and the joint account was created only as a matter of convenience, without the intention of creating a beneficial interest" (Renck v Renck, 131 AD3d 1146, 1149; see Sinnott v Sinnott, 194 AD3d at 871).
Here, contrary to the defendant's contention, the Supreme Court properly determined [*2]that the plaintiff was entitled to a separate property credit in the sum of $226,557 with respect to funds he contributed toward the purchase of the marital residence in September 2011. The plaintiff testified at trial that he contributed approximately $277,000 toward the down payment and related closing costs and that the majority of these funds were saved from his premarital earnings, which had been deposited into an account that was originally in his name alone. Additionally, the evidence established that the defendant's name was added to the account approximately two to three months prior to the closing, and that the defendant did not contribute any funds to the account. Under the circumstances, the plaintiff adduced sufficient evidence to overcome the marital property presumption with respect to these funds (see Wade v Steinfeld, 15 AD3d 390, 391; cf. Sherman v Sherman, 304 AD2d 744, 744).
The defendant contends that the Supreme Court's award of maintenance in the sum of $2,400 per month for a period of one year was inadequate. As this action was commenced after January 23, 2016, it is governed by certain amendments to the calculation of post-divorce maintenance set forth in Part B of section 236 of the Domestic Relations Law (see L 2015, ch 269, § 4; Mahoney v Mahoney, 197 AD3d 638, 639). Where, as here, the payor's income exceeds the statutory income cap, the court shall determine the guideline amount of post-divorce maintenance by performing the calculations set forth in Domestic Relations Law § 236(B)(6)(c), and then shall determine whether to award additional maintenance for income exceeding the cap by considering the factors set forth in Domestic Relations Law § 236(B)(6)(e)(1) and setting forth the factors it considered (see id. § 236[B][6][d]; Mahoney v Mahoney, 197 AD3d at 639).
The duration of post-divorce maintenance may be determined as set forth in an advisory schedule, which, for a marriage of 15 years or less, is 15% to 30% of the length of the marriage (see Domestic Relations Law § 236[B][6][f][1]). In determining the duration of post-divorce maintenance, whether or not the court utilizes the advisory schedule, the court shall consider the factors listed in Domestic Relations Law § 236(B)(6)(e)(1) and set forth the factors it considered (see id. § 236[B][6][f][2]; Torkin v Susac, 236 AD3d 1082, 1085).
"The overriding purpose of a maintenance award is to give the spouse economic independence, and it should be awarded for a duration that would provide the recipient with enough time to become self-supporting" (D'Iorio v D'Iorio, 135 AD3d 693, 695; see Mahoney v Mahoney, 197 AD3d at 639). "The amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts" (Culen v Culen, 157 AD3d 926, 928). Here, considering the relevant factors, including, inter alia, the duration of the marriage, and the ability of the party seeking maintenance to become self-supporting, the Supreme Court's award of maintenance was a provident exercise of discretion.
The defendant's remaining contention is without merit.
WARHIT, J.P., VOUTSINAS, MCCORMACK and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court